Smith, J.
— “ The only question presented is, whether the land was legally liable to be sold for these taxes. By an act approved January 13th, 1845, (Acts of 1845,) p. 19, it is provided, that in all cases of sales heretofore made by the state through the commissioners of the sinking fund, of lands or lots bid in for the state, for a failure of mortgagors to said fund to pay the principal or interest on their loans, and in all cases of future sales of lands or lots bid in for the state, and in all cases of sales heretofore made or hereafter to be made upon foreclosure of mortgages to said fund, when payment of the purchase money shall have been or may be made the purchaser shall receive a deed or patent, which shall vest in him and his heirs all the title which the mortgagors had in such lands or lots, ‘ freed and discharged from all taxes and assessments made or levied for any purpose whatever, between the date of said mortgage and the date of such deed or patent.’ This statute was in force when the land in question was sold to Pills. It does not in express terms exempt such lands from taxation, but upon any reasonable construe *41 tion we can give to it, it does so in effect. As the sale made to Pitts is clearly one of those sales embraced in the act, he will be entitled upon payment of the purchase money, according to his contract, to a deed or patent for the land freed and discharged from all taxes which have been assessed upon it since the date of the mortgage. Such a deed or patent could not be made to him, if, in the mean time, there had been a valid sale to a third person for such taxes. The judgment of the Circuit Court must therefore be affirmed.”